WALSH & McGEE STEEL COMPANY, Respondent, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.*

First Department, June 17, 1932.

*Fred Boehm* of counsel [*Thomas E. White* with him on the brief; *Wallace P. Harvey*, attorney], for the appellant.

*Harald R. Topken* of counsel [*Reynolds, Richards, McCutcheon & Logan*, attorneys], for the respondent.

O'MALLEY, J. In addition to the facts set forth in the opinion of Mr. Justice McAvoy, there are others which lead to the conclusion that the judgment appealed from should be affirmed.

The bond itself contains no reference to the New Jersey statute. It also appears that while the plaintiff itself did not directly furnish the defendant a statement of the amount due, the defendant was nevertheless, informed not only orally of such amount, but Fred G. Stickel, Jr., a Newark attorney, acting on behalf of the defendant with respect to the bond and claims arising under it, was furnished with a statement of plaintiff's claim by A. Lee Grover, secretary of the New Jersey State Highway Commission. While the correspondence between these two parties concerns itself principally with plaintiff's claim to a lien against a surplus remaining in the hands of the Commission, the correspondence also set forth plaintiff's entire claim.

Under the particular circumstances of this case, we are of opinion, therefore, that when the evidence is fairly considered, there was shown a sufficient and substantial compliance with the statute.

* Revd., 260 N. Y. 496.

It follows, therefore, that the judgment appealed from should be affirmed, with costs.

FINCH, P. J., and MARTIN, J., concur; MERRELL and McAVOY, JJ., dissent and vote for reversal and dismissal of the complaint.

McAVOY, J. (dissenting). A bond conditioned on the faithful performance by William A. Connell, a contractor, of all the provisions of a contract between the State Highway Commission of the State of New Jersey and said Connell, and the payment by Connell of all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in carrying forward, performing or completing said contract, was filed pursuant to a statute of the State of New Jersey, on June 12, 1925, with the State Highway Commission of the State of New Jersey, which had awarded a contract for the construction of a certain strip of section known as route No. 5, sections 11-A and 8-B, at Manunka Chunk and Great Meadows, State of New Jersey, to said William A. Connell.

Under the requirements of the above-mentioned statute, known as chapter 75 of the Laws of 1918 of the State of New Jersey, Connell furnished a bond of the defendant surety company running to the State of New Jersey as obligee for the faithful performance of the terms of the contract. The surety bond and the statute provide that the surety's undertaking shall be for the benefit of any materialman or laborer having a just claim as well as for the obligee.

The plaintiff, a materialman, concededly furnished Connell with materials valued at $3,046, all of which was used in the construction of the public highway. Connell absconded after the work was completed and duly accepted by the State Highway Commission. The plaintiff and a number of other materialmen were not paid.

The statute provides that suit may be brought on the bond by an unpaid materialman sixty days after furnishing the surety on the bond with a statement of the amount due, and that such statement shall be furnished within eighty days after acceptance of the work.

No dispute concerning the facts exists. The question is: Was there sufficient compliance by plaintiff with the provisions of section 3 of chapter 75 of the Laws of 1918 of the State of New Jersey, requiring the furnishing of a statement to the surety within eighty days after the acceptance of the work by the State Highway Commission.

In the fall of 1925 the defendant, after learning that Connell had absconded, retained Fred G. Stickel, Jr., an attorney of Newark, N. J., for the purpose of ascertaining how much of the retained percentage held by the State Highway Commission remained and what claims had been filed against this fund. In correspondence with A. Lee Grover, secretary of the State High-

way Commission, Mr. Stickel was informed that the plaintiff, among others, had filed a claim against the ten per cent retained percentage. No statement of claim was ever filed with the surety by the plaintiff. We think this was fatal to the suit on the bond. The eighty-day period having expired without plaintiff filing a statement with the defendant surety company as required by the New Jersey statute, the right to sue on the bond fell. An affidavit signed and sworn to by Philip C. Walsh, 3d, plaintiff's vice-president, purporting to have been sworn to the 17th day of December, 1925, was not filed with either Mr. Stickel or the defendant within the eighty-day period. If it was filed at all, it was after the expiration of the eighty days.

The judgment should be reversed, with costs, and the complaint dismissed, with costs to the defendant.

MERRELL, J., concurs.

Judgment affirmed, with costs.